.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES, | No. 2:18-cv-0769 AC P |
| Plaintiff, | |
| v. | ORDER and |
| SACRAMENTO COUNTY SUPERIOR COURT, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

I. Introduction

Plaintiff is a Sacramento County Jail inmate proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted, and the undersigned recommends that this action be dismissed without leave to amend, and this dismissal count as a "strike" under 28 U.S.C. § 1915(g).

II. In Forma Pauperis Application

Plaintiff has submitted his affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma

pauperis, ECF No. 16, will be granted.

Plaintiff must pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

    IV.    Screening of Plaintiff's Complaint

        A.    Plaintiff's Allegations

The complaint asserts a Fourteenth Amendment Due Process claim against the Sacramento County Superior Court for issuing a warrant, in 2015, for plaintiff's arrest for violation of California Penal Code § 290.018(g) (willful failure to comply with sex offender registration requirements). Plaintiff contends that his sex crime convictions were expunged by the Placer County Superior Court in 2012, pursuant to Penal Code § 1203.4, and that, under "Kelly v. San Francisco Municipal Court, May 02, 1958," the warrant should not have issued. ECF No. 1 at 4. Plaintiff complains that he was "hunted, caught, convicted and jailed! And my criminal record was permanently damaged!" Id. Plaintiff seeks $1 million in damages. Id. at 5.

        B.    Analysis

The complaint is defective in several fundamental ways. First, plaintiff cannot sue the Sacramento County Superior Court because it is not a "person" within the meaning of Section 1983, but an arm of the state immune from suit under the Eleventh Amendment. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.") (citing, inter alia, Will v. Mich. Dept. of State Police, 491 U.S. 58, 70 (1989)). Nor can plaintiff sue a Superior Court Judge. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages

3

actions for judicial acts taken within the jurisdiction of their courts.")

Further, plaintiff's reliance on Kelly is misplaced. In Kelly v. Municipal Court of City & County of San Francisco, 160 Cal. App. 2d 38, 44 (1958), the First District California Court of Appeal held, sixty years ago, that the sex offender registration requirement under PC § 290 was "criminal in character" and thus imposed a penalty that would expire upon the defendant's fulfillment of all conditions of probation. However, the California courts have since held that "Kelly is no longer good law." People v. Hamdon, 225 Cal. App. 4th 1065, 1073 (2014). Rather, "the subsequent enactment of section 290.5 evinces a legislative determination that the need for registration continues until the registrant obtains a certificate of rehabilitation or pardon." Id. "Indeed the Legislature enacted section 290.1 with Kelly in mind, specifically intending thereby to correct a perceived flaw in the registration statutes which allowed convicted sex offenders to avoid continuing compliance with registration requirements by obtaining an expungement of their convictions." People v. Fioretti, 54 Cal. App. 4th 1209, 1215 (1997). Therefore, Kelly does not support plaintiff's allegations; moreover, plaintiff does not assert that he has received a certificate of rehabilitation, as required by Hamdon, 225 Cal. App. 4th at 1073.

Finally, while the complaint does not specify whether plaintiff is currently serving a sentence based on a conviction stemming from the challenged warrant, or is awaiting trial on the matter, this action is precluded for the following additional reasons. If plaintiff is awaiting trial then, under Younger v. Harris, 401 U.S. 37 (1971),[1] a federal court may not interfere with the pending state criminal case. Younger abstention is required if four requirements are satisfied: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger

---

[1] "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008 (citations and fn. omitted). "[T]he Supreme Court has extended the doctrine to federal cases that would interfere with state civil cases and state administrative proceedings." Id. at 1982 (citing Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986)).

4

disapproves." San Jose Silicon Valley, 546 F.3d at 1092 (citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc), and AmerisourceBergen Corp. v. Roden ("ABC"), 495 F.3d 1143, 1149 (9th Cir. 2007)). If plaintiff is awaiting trial, application of these factors would require this court to abstain from considering plaintiff's claims in this federal civil rights action, and thus require dismissal.

On the other hand, if plaintiff is currently serving time following a conviction, then this damages action is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). A prisoner may not proceed under Section 1983 if a judgment favoring plaintiff "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. If plaintiff is serving a sentence based on a challenged conviction, then he is foreclosed from proceeding in this damages action without proof that his conviction or sentence have been reversed, expunged or invalidated. Id. at 486-87. This scenario would also require dismissal of this action.

For these several reasons, the undersigned finds that the complaint fails to state a cognizable claim and that this deficiency cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Therefore, the undersigned will recommend dismissal of this action with prejudice for failure to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1), and for seeking monetary relief from a defendant that is immune from such relief, id. § 1915A(b)(2).

The undersigned will further recommend that dismissal of this action count as a "strike" under the "three strikes" rule set forth at 28 U.S.C. § 1915(g).

V. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 16, is granted;

2. Plaintiff's motion for injunctive relief seeking an order of this court to compel jail officials to process plaintiff's application to proceed in forma pauperis, ECF No. 14, is denied as moot.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

4. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1), and for seeking monetary relief from a defendant that is immune from such relief, 28 U.S.C. § 1915A(b)(2).

2. The dismissal of this action should count as a "strike" under the "three strikes" rule set forth at 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE